UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS GONZALEZ, JR.,<br><br>Petitioner,<br><br>v.<br><br>GEORGE O. ROBINSON, et al.<br><br>Respondents. | Civil Action No. 17-7358 (MCA)<br><br>OPINION |

## I. INTRODUCTION

This matter has been opened to the Court by Respondents' filing of a motion to dismiss Petitioner's habeas petition. Because the Petition is untimely under The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, tit. I, § 101 (1996), and because Petitioner has not provided a sufficient basis for equitable tolling in his opposition to the motion to dismiss, the Court will grant the motion to dismiss the Petition as untimely and declines to issue a certificate of appealability.

## II. FACTUAL BACKGROUND

The Court recounts only the facts necessary to this Opinion. On May 27, 2009, a Morris County grand jury charged defendant in a sixty-six count indictment:

> Count 1—attempted murder first-degree in violation of N.J.S.A . 2C:3–113a(1);
>
> Count 2—possession of a weapon for an unlawful purpose, second degree in violation of N.J.S.A. 2C:39–4a;
>
> Counts 3, 4—unlawful possession of a weapon, second degree, in violation of N.J.S.A. 2C:39–5b;
>
> Count 5—unlawful possession of a weapon third degree in violation of N.J.S.A. 2C:58–3 and 2C:39–5c;

1

Counts 6, 7—conspiracy to possess a weapon, second degree, in violation of N.J.S.A. 2C:5-2a;

Count 8—conspiracy to possess a weapon, third degree, in violation of N.J.S.A. 2C:5-2a;

Counts 9, 12, 24, 30, 36—possession of a controlled dangerous substance (CDS), third degree, in violation of N.J.S.A. 2C:35-10a(1);

Count 10—possession of CDS (more than five ounces of cocaine) with the intent to distributed, first degree, in violation of N.J.S.A. 2C:35-5a(1) and 2C:5b(1);

Count 11—possession of a weapon for unlawful purposes, second degree, in violation of N.J.S.A. 2C:39-4a(2);

Count 13, 37—possession of CDS with intent to distribute, second degree, in violation of N.J.S.A. 2C:35-5a(1) and 2C:5b(2);

Counts 14, 16, 27, 39, 42—conspiracy to possess CDS, third degree, in violation of N.J.S.A. 2C:35-10a(1);

Counts 15, 17, 40, 43—conspiracy to possess CDS with the intent to distribute, second degree, in violation of N.J.S.A. 2C:5-2(a), 2C:35-5a(1), and 2C:5b(2);

Count 18—unlawful possession of a prohibited weapon, third degree, in violation of N.J.S.A. 2C:39-3b;

Counts 19, 20, 21—possession of a weapon during the commission of a CDS offense, second degree, in violation of N.J.S.A. 2C:39-3b;

Count 22—possession of CDS, fourth degree, in violation of N.J.S.A. 2C:35-10a(3);

Counts 23, 25, 31, 46, 52, 61—possession of CDS with the intent to distribute, third degree, in violation of N.J.S.A. 2C:35-5a(1) and 2C:5b(11);

Counts 26, 2, 38, 53, 62—distribution of CDS, third degree, in violation of N.J.S.A. 2C:35-5a(a) and 2C:5b(3);

Counts 29, 35—conspiracy to distribute CDS, third degree, in violation of N.J.S.A. 2C:5-2a, 2C:35-5a(1), and 2C:35-5b(3);

Count 34—conspiracy to possess CDS with the intent to distribute, third degree, in violation of N.J.S.A. 2C:5-2a and 2C:35-10a(1);

> Counts 41, 44—conspiracy to distribute CDS, second
> degree, in violation of N.J.S.A. 2C:5–2a, 2C:35–5a(1), and 2C:35–
> 5b(2);
>
> Count 66—Leader of a narcotics trafficking network, in
> violation of N.J.S.A. 2C:35–3.

*State v. Gonzalez*, No. A-5396-12T1, 2014 WL 7912869, at *1–2 (N.J. Super. Ct. App. Div. Feb. 25, 2015). *(See also* Ex. 7-1.) On January 5, 2009, defendant entered into a plea agreement. Defendant pled guilty to Count 10 with a State recommendation of a term of ten years with forty-two months of parole ineligibility; Count 19 with the State recommendation of a consecutive term of nineteen years with a five-year period of parole ineligibility; and Count 2 with the State recommendation of a consecutive term of ten years with a five-year period of parole ineligibility. The State agreed to dismiss the remaining counts against defendant and recommend to the court a total sentence of thirty years with a thirteen and one-half year period of parole ineligibility. *Id.* at *2. *(See also* Ex. 7-2.) On August 7, 2009, defendant was sentenced in accordance with the plea agreement. *Id.* at *3. *(See also* ECF No. 7-4, Judgment of Conviction dated Aug. 7, 2009.)

On March 5, 2010, defendant filed his first PCR petition which he later withdrew. Defendant subsequently appealed his sentence. On February 10, 2011, the Appellate Division affirmed Petitioner's sentence. *State v. Gonzalez*, No. A–1977–09 (App. Div. February 10, 2011). *(See also* ECF No. 7-6.) The Supreme Court of New Jersey denied certification on September 9, 2011. *State v. Gonzalez*, 208 N.J. 337 (2011). On June 13, 2012, defendant filed a second PCR petition pro se, which was denied the PCR court without an evidentiary hearing on March 18, 2013. (ECF No. 7-8, PCR Opinion and Order dated Mar. 18, 2013.) On February 25, 2015, the Appellate Division affirmed the denial of PCR. *Gonzalez*, 2014 WL 7912869 at *4. On June 19, 2015, the Supreme Court of New Jersey denied the petition for certification. *State v. Gonzalez*, 222 N.J. 16 (2015).

The instant Petition is dated September 20, 2017 and was docketed on September 21, 2017. (ECF No. 1, at 16-17.) On December 21, 2017, the Court directed Respondents' to answer the petition. (ECF No. 3.) On January 10, 2018, Respondents submitted the instant motion to dismiss and the relevant record, arguing that the Petition is untimely. (ECF No. 7.) On January 24, 2018, Petitioner filed his opposition to the motion to dismiss, arguing that he is entitled to equitable tolling of the limitations period.

### III. ANALYSIS

#### a. The Petition is Untimely under AEDPA

AEDPA, which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254, was enacted on April 24, 1996. Because the Petition in this case was filed after its effective date, AEDPA is applicable to this case. *See Werts v. Vaughn*, 228 F.3d 178, 195 (3d Cir. 2000).

Respondents assert that the Petition is untimely under AEDPA, which requires a state prisoner file his or her federal habeas petition within one year after his or her conviction becomes final. Specifically, AEDPA provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2254(d)(1)(A), the conclusion of direct review occurs when the Supreme Court of the United States affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari; where a prisoner chooses not to seek a writ of certiorari, then the conviction becomes final when the time for filing a certiorari petition expires. *See Jimenez v. Quarterman*, 555 U.S. 113, 119, (2009) (applying this principle to petitioner filed under § 2254). In *Jimenez v. Quarterman* the Supreme Court interpreted § 2244(d)(1)(A) and held that where "a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A). In such a case, 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review' must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal." 555 U.S. at 121.

Furthermore, under 28 U.S.C. 2241(d)(2),"[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." This exception to the one-year limitation period is known as statutory tolling and provides that the one-year limitations period is tolled during the time a properly filed application for post-conviction relief is pending. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003).

5

To fall within the AEDPA tolling provision, the petition for state post-conviction review must have been both pending and "properly filed." *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir.), *cert. denied, Horn v. Fahy*, 534 U.S. 944 (2001). An application for post-conviction relief is considered "pending" within the meaning of § 2244(d)(2) during the period between a lower state court's ruling and the period a petitioner has to seek review of the decision, whether or not the appeal was actually sought. *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000). However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one-year state of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. D.A. of the County of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

Here, Petitioner entered a plea agreement and subsequently filed his first PCR; however, he ultimately withdrew his first PCR and filed a direct appeal, which was denied on the merits. Based on the record provided, it appears that the belated direct appeal was accepted by the Appellate Division as within time and decided on the merits. Because the record indicates that Petitioner did not seek review of his conviction in the Supreme Court of the United States, his conviction became final on December 9, 2011 – 90 days after the Supreme Court of New Jersey denied his petition for certification as to his direct appeal. The limitations period began to run on December 10, 2011 and was tolled by the filing of Petitioner second PCR on June 13, 2012 and remained tolled until the Supreme Court of New Jersey denied the petition for certification on June 19, 2015. *See State v. Gonzalez*, 222 N.J. 16 (2015).

At the time the Supreme Court of New Jersey denied the petition for certification, approximately six months of the one-year limitations period had elapsed between the conclusion of direct review and the filing of Petitioner's second PCR. Thus, after the Supreme Court denied

certification on his second PCR, Petitioner had approximately six months to file a timely habeas petition. Petitioner, however, did not hand the instant habeas Petition to prison officials for filing until September 20, 2017, two years and three months after the New Jersey Supreme Court denied the petition for certification as to his second PCR. As such, the record shows that the Petition is untimely.

### b. Petitioner has not Established a Valid Basis for Equitable Tolling

That is not the end of the matter as Petitioner has filed opposition to the motion to dismiss in which he attempts to provide a basis for equitable tolling. The United States Supreme Court has held that the habeas time bar is not jurisdictional but is instead subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010). In *Holland*, the Supreme Court held that equitable tolling is proper only where the petitioner "shows (1) that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649. "The diligence required for equitable tolling purposes is 'reasonable diligence.'" *Id.* at 653 (citing *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996)). Additionally, the Court has held that to qualify for equitable tolling, the petitioner must exercise reasonable diligence throughout the period he seeks to toll. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (petitioner must also establish diligence). Excusable neglect is insufficient to warrant equitable tolling. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).

Petitioner provides the following certification in support of equitable tolling:

> 1. That I make this certification in regards to the timeliness issues in the within matter.
> 2. That at all times relevant in the State court proceedings, I was represented by appointed counsel because of: my poverty and not being able to retain counsel.
> 3. My petition for certification was denied by the New Jersey Supreme Court on June 15, 2015.

7

> 4. From the moment I received the denial, I continued to press for my rights and I sought the assistance of counsel from the public defender and from family.
>
> 5. I was advised that I had one year to file for federal habeas corpus relief.
>
> 6. I spoke to different prisoner paralegals in South Woods State Prison to get advice about filing a habeas corpus petition.
>
> 7. In April 2016, I was transferred from Facility Three to Facility One at South Woods. I complained about the lost of my legal papers and this caused me to be shipped out to Northern State Prison on November 23, 2016.
>
> 8. Though most of my legal papers were destroyed or lost, I continued to seek help.
>
> 9. I sought copies of my legal papers from the public defender, but they referred me to my assigned "pool lawyer" who was no longer representing me. Finally in August 2017 I contacted the Superior Court to get copies of the briefs and decisions.
> I filed my habeas corpus petition a month later in September 2017.

(*See* ECF No. 8.)

Here, Petitioner appears to allege generally that that he sought assistance in filing his habeas petition from his public defender, his family, and prison paralegals throughout the limitations period, and that he lacked access to his legal papers from April 2016 to August or September 2017. (ECF No. 8.) With respect to his legal papers, Petitioner's alleges that he was transferred to a different unit at South Woods in April 2016 and his legal papers were lost. (*Id.*) When he complained about the loss of his legal papers, he was allegedly transferred to Northern State Prison in November 2017. (*Id.*) On an unspecified date, Petitioner contacted his public defender who referred him to a pool attorney, and he finally attempted to obtain his legal papers from the Superior Court in August 2017. (*Id.*) He filed his Petition in September 2017. (*Id.*)

The Court's equitable tolling analysis is guided by the Third Circuit's decision in *United States v. Thomas*, which analyzed whether to equitably toll the statute of limitations in a § 2255

case where the prisoner had been transferred and deprived of his legal materials in the weeks leading up to expiration of the limitations period.[1] There, the Third Circuit affirmed the denial of equitable, stating as follows:

> Although temporarily transferred to state custody, Thomas was in federal custody with access to legal materials for approximately nine months, including almost seven weeks leading up to the expiration of his limitations period. Thomas provides no support for a finding that he was diligent, nor does he explain the necessity of the materials he claims he was deprived of.... Although his transfer to state custody may have made it more difficult to file a timely § 2255 motion, increased difficulty does not, by itself, satisfy the required showing of extraordinary circumstances.

*Thomas*, 713 F.3d at 174 (internal citations omitted). In addition, the difficulties of prison life do not generally qualify as extraordinary circumstances warranting equitable tolling. *See Coker v. United States*, No. 13-0349, 2016 WL 310751, at *5 (D.N.J. Jan. 26, 2016) (stating that difficulties of prison life like transfers standing alone do not establish extraordinary circumstances to warrant equitable tolling); *United States v. Green*, Crim. No. 07-0271, 2013 WL 606341, at *3 (W.D. Pa. Feb. 19, 2013) ("[D]ifficulties attendant to prison life, such as solitary confinement, restricted access to the law library and an inability to secure court documents, are routine restrictions of prison life and do not qualify as 'extraordinary circumstances' warranting equitable tolling.") (citing *Gant v. Goord*, 430 F. Supp.2d 135, 139 (W.D.N.Y. 2006).

Nevertheless, a petitioner's lack of access to his legal papers during the limitations period may be grounds to equitably toll the statute of limitations. *See Spencer v. Magrady*, No. 10-0703, 2010 WL 5830500, at *4 (E.D. Pa. Dec. 1, 2010) (collecting cases where equitable tolling

---

[1] Although *Thomas* concerned a § 2255 case, the circuit court's analysis of equitable tolling applies equally here.

9

applied when petitioner was denied his legal papers by prison officials) (report and recommendation adopted, 2011 WL 673738 (E.D. Pa. Feb. 16, 2011)).[2]

In *Thomas*, however, the Third Circuit declined to apply equitable tolling by noting that the petitioner had access to his legal materials for nine months of the limitations period (including seven weeks immediately prior to the statute of limitation expiration), and that the petitioner did not explain the necessity of the materials he claims he was deprived of. *See* 713 F.3d at 174. A lack of access to legal materials at the end of the limitations period, as occurred here, may be "more serious" than at the beginning of the limitations period. *See, e.g., Savage v. United States*, No. 15-8100, 2016 WL 4260786, at *3 (D.N.J. Aug. 10, 2016) (noting that the Third Circuit has observed that the lack of access to legal materials is more serious at the end of a limitations period); *Jones v. United States*, No. CV 14-4655 (RBK), 2017 WL 4235736, at *4 (D.N.J. Sept. 25, 2017) (noting that the petitioner was purportedly without his legal materials for the final four months of his limitations period).

Like the petitioner in *Thomas*, Petitioner here does not explain why he needed his legal papers to file his petition. *Thomas* and other cases appear to recognize that a petitioner needs to explain the necessity of the materials he was deprived of to warrant a finding that equitable

---

[2] *See, e.g., United States v. Gabaldon*, 522 F.3d 1121, 1125–26 (10th Cir.2008) (finding equitable tolling where prison officials confiscated all of petitioner's legal papers); *Espinoza–Matthews v. California*, 432 F.3d 1021, 1027–28 (9th Cir. 2002) (finding equitable tolling where petitioner was placed in administrative segregation and denied access to all of his legal papers); *Valverde v. Stinson*, 224 F.3d 129, 133–35 (2d Cir. 2000) (holding that intentional confiscation of legal papers may constitute grounds for equitable tolling if petitioner can demonstrate that confiscation prevented his timely filing and that he filed his petition within an acceptable time after confiscation); *Green v. Stickman*, Civ. No. 03–674, 2004 WL 2536834, at *4–5 (E.D. Pa. Nov. 9, 2004) (finding equitable tolling where petitioner's legal papers were confiscated two months before the deadline, he had submitted two written requests for the return of his papers, and he filed petition approximately one month after recovering his papers); *but see Robinson v. Johnson*, 313 F.3d 128, 141–43 (3d Cir. 2002) (denying claim for equitable tolling where petitioner was deprived of legal papers for only a few weeks and did not demonstrate diligence).

tolling should apply. *See Thomas*, 713 F.3d at 174; *Coker*, 2016 WL 310751, at *5 (declining to grant equitably tolling where petitioner failed to explain why he could not have written to the court before the limitations period expired seeking more time and petitioner did not explain how deprivation of materials for two months of limitations period prevented him from filing a § 2255 motion or seeking an extension); *Jones*, 2017 WL 4235736, at *5 (finding that petitioner failed to explain the necessity of his materials to his filing a § 2255 motion (or at a minimum, why he needed those materials to seek an extension of time to file a § 2255)). Here, the Petition itself contains few facts, and the claims raised appear straightforward. Thus, it is unclear why Petitioner needed his legal papers to file his habeas petition.

Furthermore, because approximately six months of the limitations period had already elapsed between the conclusion of direct review and the filing of Petitioner's second PCR, Petitioner only had approximately six months of the limitations period remaining at the conclusion of his state court proceedings. Thus, the limitations period <u>had already expired</u> at the time Petitioner was transferred and lost his legal materials in April 2016.

Finally, even assuming that the loss of his legal materials is an extraordinary circumstance, the Court finds that Petitioner has not demonstrated reasonable diligence throughout the period for which he seeks equitable tolling. The deprivation of his legal papers did not relieve Petitioner of the duty to use reasonable diligence to file his habeas petition. Here, Petitioner thought, albeit incorrectly, that he had one year from June 19, 2015 to file his habeas petition, but he did not file his Petition until September 20, 2017. Petitioner provides few facts from which the Court could assess his diligence during that lengthy period. He asserts generally that he "sought copies of my legal papers from the public defender" who referred him to his assigned "pool lawyer" and "finally" contacted the state court to obtain his legal materials in

11

August 2017. These facts do not suggest that Petitioner acted with reasonable diligence such that the Court should toll the limitations period. As such, the Court finds that Petitioner has not demonstrated reasonable diligence and declines to equitably toll the limitations period.

### c. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim[s], a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Didiano v. Balicki*, Civil Action No. 09-2315 (FLW), 2010 WL 1752191, at *6-7 (Apr. 29, 2010) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, reasonable jurists would not find the Court's procedural ruling debatable. Accordingly, no certificate of appealability shall issue.

### IV. <u>CONCLUSION</u>

For the reasons explained in this Opinion, the Petition is untimely, and Petitioner has not established a valid basis for equitable tolling. As such, the Court will grant the motion to

12

dismiss, and dismiss the Petition as untimely. The Court declines to issue a certificate of appealability. An appropriate Order follows.

_____
Madeline Cox Arleo
United States District Judge